Present:  Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Lacy, S.J.

MIHAI GHEORGHIU

v.  Record No. 091945              OPINION BY SENIOR JUSTICE
                                      ELIZABETH B. LACY
COMMONWEALTH OF VIRGINIA            NOVEMBER 4, 2010

            FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal Mihai Gheorghiu asks us to reverse his

convictions by an Arlington County jury of one count of identity

theft, one count of credit card fraud and 36 counts of credit

card theft because Arlington County was an improper venue for

the prosecutions.

                           FACTS

     The facts in this case are not in dispute.  Gheorghiu and

his cousin drove from New York City to Alexandria, Virginia, on

September 20, 2005.  They checked into a hotel in Alexandria

using Gheorghiu's personal valid credit card.  The next day

while still in Alexandria, Gheorghiu attempted to use a credit

card containing a number belonging to Iris Keltz to buy a $300

gift card, but was unsuccessful because the number would not go

through the system.  Gheorghiu and his cousin later went to

Fairfax where they purchased a laptop computer using a credit

card with a number belonging to Gerald Kent.  Throughout the

day, Gheorghiu obtained a number of items in Alexandria, Fairfax

and Arlington Counties using the credit card numbers belonging to other individuals.

At 4:40 p.m. on September 21, 2005, Arlington County police stopped Gheorghiu's vehicle for speeding.  When processing Gheorghiu's information, the officer discovered an outstanding warrant for Gheorghiu's arrest from New Jersey.  The officer arrested Gheorghiu, took him into custody, impounded his vehicle and inventoried its contents.  Gheorghiu's briefcase, found in the vehicle, contained a laptop computer, a thumb drive, two credit cards and five compact discs.  One of the discs contained a program file that allowed the computer to interface with a credit card remagger found in the vehicle and another program file that allowed Gheorghiu to generate numbers to unlawfully unlock the software necessary to use the remagger program.[1]  The other four compact discs and the thumb drive contained files with the names and credit card numbers of approximately 100 persons, including those of Keltz and Kent.  Twelve credit cards were also recovered.  Eleven of the cards had Gheorghiu's name on the front, but only three of these cards had numbers on the front that matched the numbers in the magnetic strip on the back of the card.  Documents with Gheorghiu's name and address in New

---

[1] A remagger is a device that permits a person to read and write data to the magnetic strip on the back of a credit card.

2

York as well as three new laptop computers and other merchandise were found in the vehicle.

Gheorghiu was indicted and tried in Arlington County upon 57 indictments charging nine counts of identity theft in violation of Code § 18.2-186.3, 36 counts of credit card theft in violation of Code § 18.2-192, eight counts of credit card forgery, in violation of Code § 18.2-193, three counts of credit card fraud in violation of Code § 18.2-195, and one count of possession of burglarious tools in violation of Code § 18.2-94. Both Keltz and Kent testified that they did not live in Arlington County, did not know Gheorghiu, and did not give him permission to use their credit card numbers. Detective Dan Gillenwater, a computer forensics investigator, testified that a computer program file on Gheorghiu's laptop computer was accessed on September 21 at approximately 8:00 a.m. That file interfaced the computer with a remagger, but Gillenwater could not determine who accessed the computer file, who remagged the stolen numbers onto the credit cards, or where the laptop computer was located when those tasks were performed. The trial court dismissed four of the identity theft counts for lack of evidence and entered judgment on the guilty verdicts returned by the jury on all remaining counts.

Gheorghiu appealed to the Court of Appeals. In a published opinion, the Court of Appeals reversed and dismissed Gheorghiu's

3

conviction of possession of burglarious tools, and affirmed the remaining convictions. Gheorghiu v. Commonwealth, 54 Va. App. 645, 682 S.E.2d 50 (2009). The Court of Appeals held, among other things, that Gheorghiu's claim of improper venue relating to the 36 credit card theft charges was procedurally barred, that identity theft is a continuing offense and thus venue for the identity theft charge relating to Keltz' credit card number, case number CR05-1243, was proper in Arlington County pursuant to Code § 18.2-186.3(D) because Gheorghiu possessed the identifying information in that county, and that possession of Kent's credit card number in Arlington County was an act in furtherance of credit card fraud satisfying the venue requirements of Code § 18.2-198.1 in case number CR06-449. Gheorghiu filed a timely appeal with this Court.

## DISCUSSION

In this appeal, Gheorghiu assigns error to the Court of Appeals' judgment with regard to his convictions in case numbers CR05-1243, identity theft, Code § 18.2-186.3, and CR06-449, credit card fraud, Code § 18.2-195. He asserts that venue was improper in Arlington County for the prosecution of these two charges. In another assignment of error, Gheorghiu asserts that venue was improper for the 36 counts of credit card theft. Gheorghiu acknowledges that no objection was made to venue in the trial court with regard to these counts; nevertheless,

4

Gheorghiu asks us to apply the "for good cause shown" and "ends of justice" exceptions contained in Rule 5:25 and to reverse his convictions for credit card theft based on improper venue.[2]  We will consider these issues in order.

## I. Identity Theft

The crime of identity theft is set out in Code § 18.2-186.3.  As relevant here, that section makes it unlawful to "[o]btain, record or access identifying information which is not available to the general public that would assist in accessing financial resources, obtaining identification documents, or obtaining benefits of such other person" without the permission of the owner of the information and with the intent to defraud. Subsection (D) of that section provides, in relevant part, that

> In any proceeding brought pursuant to this section, the crime shall be considered to have been committed in any locality where the person whose identifying information was appropriated resides, or in which any part of the offense took

[2] During the proceedings below and briefing in this Court, Rule 5:25 provided as follows:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.

The language of Rule 5:25 was amended effective July 1, 2010, but none of the terms or requirements of the Rule applicable on this appeal were altered.

5

> place, regardless of whether the defendant was ever actually in such locality.

(Emphasis added).  In this case, the evidence established that Keltz lived in New York, not Arlington County.  Therefore, to establish venue in Arlington County in case number CR05-1243, theft of Keltz' identifying information, the Commonwealth was required to establish a strong presumption that part of the offense took place in Arlington County.  Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).

The Court of Appeals held that Arlington County was a proper venue in which to prosecute Gheorghiu for the identity theft relating to Keltz because identity theft is a continuing offense, part of which occurred in Arlington County.  According to the Court of Appeals, the acts of "recording or accessing an individual's identifying information . . . continue after the initial obtaining of the information . . . .  [O]nce an individual's identifying information is stolen, the individual's identity remains stolen by the perpetrator as long as the perpetrator possesses that information with the intent to defraud."  54 Va. App. at 657-58, 682 S.E.2d at 56.  As a continuing offense, the Court of Appeals reasoned, the offense continues "until the information is returned to the victim (in such a way that the perpetrator no longer retains it) or the perpetrator's fraudulent intent to use [it] no longer exists."

6

Id. at 660, 682 S.E.2d at 57.  In the Court of Appeals' view, "the possession of a victim's identifying information with the intent to defraud the victim is *a part* of the continuing offense of identity theft."  Id. at 664-65, 682 S.E.2d at 59-60.  Thus, the Court of Appeals concluded that venue in Arlington County for this charge was proper because Gheorghiu's actions using or attempting to use the credit card numbers of others to obtain goods that day and possession of Keltz' identifying information in Arlington County established a strong presumption that Gheorghiu intended to use Keltz' information in Arlington County to defraud Keltz.  Id. at 665-66, 682 S.E.2d at 60.

As the Court of Appeals noted, we have not heretofore considered whether identity theft is a continuing offense for purposes of the venue provisions of Code § 18.2-186.3.  We have identified larceny as a continuing offense for venue purposes based on the common law legal fiction that each time the stolen goods are taken into a new jurisdiction, there is an illegal asportation and a new crime is committed, thereby allowing prosecution for the larceny in any jurisdiction to which the goods were taken.  Strouther v. Commonwealth, 92 Va. 789, 791, 22 S.E. 852, 852 (1895).[3]  That analysis however does not apply

---

[3] In Montague v. Commonwealth, 260 Va. 697, 702, 536 S.E.2d 910, 913 (2000), and Doane v. Commonwealth, 218 Va. 500, 502, 237 S.E.2d 797, 798 (1977), while recognizing the legal fiction making larceny a continuing offense for venue purposes, we

7

to the crime at issue here.  The legal fiction underlying venue

for larceny is based on the creation of a new crime each time

asportation to a new jurisdiction occurs.  The concept of a

continuing offense used by the Court of Appeals, with regard to

the crime of identity theft, does not involve the commission of

a new crime but of an <u>incomplete</u> crime, which continues as long

as the defendant retains the identifying information with the

intent to defraud.

A rationale similar to that used by the Court of Appeals in

this case was presented to this Court with regard to the nature

of the offense of credit card theft.  In <u>Meeks v. Commonwealth</u>,

274 Va. 798, 651 S.E.2d 637 (2007), the victim reported her

wallet containing credit cards missing while at a group home in

Fairfax County.  Meeks was at the group home on the same day as

the victim.  Later that day, Meeks used the victim's credit card

in the city of Alexandria to pay for a hotel room and obtain

cash.  Meeks was charged with credit card theft in Alexandria.

274 Va. at 800, 651 S.E.2d at 638.

At that time, Code § 18.2-198.1 provided that venue for

credit card theft was proper any place the defendant commits

---

declined to extend that legal fiction to satisfy the elements of
the felony-murder statute.  The legal fiction ascribed to
larceny thus is limited to resolving issues of venue.

"any act in furtherance of the crime".[4]  Code § 18.2-192 defined

credit card theft, as relevant in Meeks, as the taking,

obtaining or withholding a credit card from another person

without the cardholder's consent.  The Commonwealth maintained

that Alexandria was a proper venue for prosecuting Meeks because

retention of a credit card with the intent to unlawfully use or

transfer it constitutes "withholding" under the statute.  274

Va. at 802, 651 S.E.2d at 639.  Thus Meeks, by possessing the

card in Alexandria, engaged in an "act in furtherance of the

crime" in Alexandria.  We rejected the Commonwealth's position.

Applying principles of statutory construction, we held that

"withhold" as used in Code § 18.2-192 did not include retention

of a credit card with the intent to defraud and that the crime

of credit card theft is complete when the card is taken,

obtained or withheld from its rightful owner.  Id. at 803-04,

651 S.E.2d at 639-40.  Accordingly, we concluded that venue in

Alexandria was improper because the crime was complete when

Meeks obtained the credit card without the victim's consent in

---

[4] On July 1, 2008, Code § 18.2-198.1 was amended
by adding the following sentence:

> A prosecution for a violation of § 18.2-
> 192 may be had in any county or city
> where a credit card number is used, is
> attempted to be used, or is possessed
> with intent to violate § 18.2-193, 18.2-
> 195, or 18.2-197.

See 2008 Acts ch. 797.

9

Fairfax and, thus, possessing the card in Alexandria could not be an act in furtherance of the crime.  Id.

The Commonwealth's argument, which we rejected in Meeks, was based on the premise that the crime continued as long as the defendant illegally possessed the card with the intent to defraud.  In the instant case, the Court of Appeals relied upon the same theory to conclude that identity theft is a continuing offense.  We reject that theory in this case also.

In considering the nature of the crime of identity theft we begin, as we did in Meeks, with the language of the statute.  As relevant here, Code § 18.2-186.3 makes it illegal to "[o]btain, record, or access" the owner's identifying information without the owner's permission and with the intent to defraud the owner.  Obtaining, recording and accessing the identifying information are discrete actions that are complete when the information has been obtained, has been recorded or has been accessed.  Each time such an act is performed it is a separate discrete offense.  Therefore, under the clear terms of the statute, the crime of identity theft is complete when any one of these acts occurs in conjunction with the intent to defraud.  While the identifying information remains stolen as long as the thief possesses the information, nothing in the language of Code § 18.2-186.3 implies or otherwise supports the concept that the continued possession of the information obtained, accessed or recorded is

10

an element of the crime of identity theft.  Here, as in Meeks, the crime of identity theft was complete when Keltz' identifying information was obtained, accessed or recorded.  Gheorghiu's subsequent possession of the identifying information was not part of that crime.  Therefore, insofar as the Court of Appeals' judgment was based on the premise that venue for case number CR05-1243 was proper in Arlington County because Gheorghiu's continued possession of Keltz' identifying information was part of the offense, the judgment is erroneous.

Based on this record, considering the evidence in the light most favorable to the Commonwealth, the prevailing party below, Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010), we conclude that there is insufficient evidence to demonstrate a strong presumption that any part of obtaining, accessing or recording Keltz' identifying information with the intent to defraud occurred in Arlington County.  There is no evidence showing where the laptop belonging to Gheorghiu was located when accessed, who accessed it, or who remagged the credit card numbers, specifically Keltz' number, onto the credit cards.  The lack of such evidence makes it impossible to sustain a strong presumption that "any part" of the crime of identity theft in case number CR05-1243 occurred in Arlington County, and therefore, venue in that county was improper.

## II. Credit Card Fraud

Gheorghiu also asserts that Arlington County was an improper venue for the prosecution of credit card fraud in case number CR06-449. At the time of Gheorghiu's trial, Code § 18.2-198.1, the special venue statute applicable to the crime of credit card fraud, provided that venue was proper in any jurisdiction in which "any act in furtherance of the crime was committed." The Court of Appeals concluded that venue was proper in Arlington County because Gheorghiu's possession of Kent's credit card number in Arlington County was an "act in furtherance" of the use of the number in Fairfax.[5] The Court of Appeals reasoned that in order to "use" Kent's credit card number Gheorghiu had to possess it and, therefore, concluded that possession of the number was an "act in furtherance" of the crime. 54 Va. App. at 669, 682 S.E.2d at 61-62.

While we have not construed or applied the phrase "any act in furtherance of the crime" for purposes of Code § 18.2-198.1, we conclude that the Court of Appeals' holding is inconsistent with the facts of the case. Gheorghiu's possession of Kent's credit card number is based on the fact that he had the number when he was arrested in Arlington County. At that point, the

---

[5] Gheorghiu was also indicted and convicted of credit card fraud for the purchase of a laptop computer in Arlington County using Kent's credit card number (case number CR06-452). That conviction is not at issue in this appeal.

12

credit card number had already been used to purchase a laptop computer in Fairfax. The crime of credit card fraud charged in case number CR06-449 was complete. Therefore, possession of the credit card number in Arlington County subsequent to the commission of the crime could not "further" the crime. Consequently, the Court of Appeals' judgment sustaining the trial court's ruling that venue was proper in Arlington County for prosecution of case number CR06-449 is erroneous and must be set aside.

### III. Credit Card Theft

Gheorghiu was charged in Arlington County with 36 counts of credit card theft based on the credit card numbers found in his possession when he was arrested. He did not object to venue in Arlington County with regard to these counts. Gheorghiu now asserts that venue was improper in Arlington County, based on our decision in Meeks, which was decided after his convictions. He asks that we consider his contention regarding venue under the "ends of justice" and "for good cause shown" provisions of Rule 5:25.

Gheorghiu contends that at the time of trial any objection to venue for the credit card theft charges would have been fruitless under the state of the law at that time. Gheorghiu asserts that, following his conviction, this Court decided Meeks, which changed the law regarding the elements of credit

13

card theft and that this change affected considerations of venue. Gheorghiu submits that he should now be heard on the issue of proper venue for these charges applying the law as set out in Meeks. In short, Gheorghiu is claiming that the change in the law provides good cause to excuse the failure to object to venue for the credit card theft charges and the ends of justice require consideration of this issue. We disagree.

Although the law may have been adverse to Gheorghiu at the time of trial, it was equally adverse to the defendant in Meeks; nevertheless, that defendant objected to venue thereby preserving the issue for appellate consideration. Additionally, Gheorghiu had the opportunity to bring the issue to the attention of the Court of Appeals as early as November 2, 2007, the date the Meeks opinion was issued. While Gheorghiu requested a rehearing and a belated appeal in the Court of Appeals on December 21, 2007, he did not raise the venue issue on these counts in that request. The first time Gheorghiu raised this venue issue was in May 2008 in his brief on the merits filed following the grant of his motion. Under these circumstances we find no good cause to make an exception to the contemporaneous objection requirement of Rule 5:25.

Rule 5:25 also allows us to consider matters not preserved for appeal to attain the ends of justice. Whether the ends of justice provision should be applied involves two questions: (1)

14

whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice. Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005). Regardless of any error, we conclude that no grave injustice will occur if we do not apply the ends of justice provision in these circumstances.

Venue, while important to the orderly conduct of litigation, is not a matter affecting the merits of the trial. Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944)(proof of venue not material to merits of prosecution). Venue is not an element of the crime that must be shown beyond a reasonable doubt to sustain a conviction. Cheng, 240 Va. at 36, 393 S.E.2d at 604. The General Assembly has limited the time in which objections to venue may be raised, Code § 19.2-244, and issues of venue may be waived. Green v. Commonwealth, 266 Va. 81, 95, 580 S.E.2d 834, 842 (2003).

We have applied the ends of justice exception of Rule 5:25 in very limited circumstances including, for example, where the record established that an element of the crime did not occur, Ali v. Commonwealth, 280 Va. 665, 671, 701 S.E.2d 64, 68 (2010) (this day decided); a conviction based on a void sentence, Charles, 270 Va. at 20, 613 S.E.2d at 435; conviction of a non-offense, Jimenez v. Commonwealth, 241 Va. 244, 249-50, 402 S.E.2d 678, 680 (1991); and a capital murder conviction where

15

the evidence was insufficient to support an instruction, <u>Ball v. Commonwealth</u>, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981). Throughout the course of his appeal, Gheorghiu has not challenged the sufficiency of the evidence supporting his convictions of credit card theft.  On this record, it is fair to assume that in whatever venue these charges were prosecuted, the end result would be no different.  Accordingly we do not find the circumstances of this case sufficient to invoke the provisions of Rule 5:25 excusing the requirement that error be properly preserved for consideration on appellate review.

CONCLUSION

In summary, for the reasons stated, we will affirm the judgment of the Court of Appeals affirming convictions for credit card theft in case numbers CR05-1231 through CR05-1240, CR06-453 through CR06-469 and CR06-752 through CR06-760, because consideration of the issue raised with regard to these convictions was not preserved for appeal.  Rule 5:25.  We will reverse the judgment of the Court of Appeals and vacate the convictions in case number CR05-1243, identity theft relating to Iris Keltz, and case number CR06-449, credit card fraud relating to Gerald Kent, because the Commonwealth did not establish a strong presumption that Arlington County was the proper venue for prosecution of these offenses.  These cases, numbers CR05-1243 and CR06-449, will be remanded for further proceedings

16

should the Commonwealth be so inclined.  <u>Pollard v.</u>

<u>Commonwealth</u>, 220 Va. 723, 726, 261 S.E.2d 328, 330 (1980);

<u>Keesee v. Commonwealth</u>, 216 Va. 174, 176, 217 S.E.2d 808, 810

(1975).

<u>Affirmed in part</u>,<br>
<u>reversed in part</u>,<br>
<u> and remanded.</u>