COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Athey and Callins

CARRIE ANN YATES

MEMORANDUM OPINION[*]
v.  Record No. 1243-21-1                                    PER CURIAM
                                                                     SEPTEMBER 27, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Christopher T. Voltin; Goff Voltin, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Virginia B. Theisen, Senior
Assistant Attorney General, on brief), for appellee.

Carrie Ann Yates pleaded guilty to one count of maiming resulting from driving while

intoxicated and one count of reckless driving by speed. On appeal, Yates contends that the trial

court abused its discretion in imposing an active sentence of ten years and twelve months. After

examining the briefs and record, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm

the decision of the trial court.

BACKGROUND

"The evidence is considered in the light most favorable to the Commonwealth, as the

prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). On January 6,

2021, Yates and a companion, Frankie, went to a bar in the City of Williamsburg. Yates parted

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ways with Frankie and then went to a convenience store to purchase alcohol. When the store clerk refused to sell her alcohol, Yates assaulted the clerk and left the store.

At 3:14 p.m., Yates sent a text that said, "look I got in a big argument with Frankie the dude that's normally with me and I left him a [sic] Williamsburg." The text continued, "we're tripping on shrooms and yeah like what the f*** Cliff I don't know I'm by myself right now and I'm in Williamsburg drinking so f***** call me please."

Yates drove her car south on Merrimac Trail. At 3:48 p.m., Yates called Frankie and argued with him. At 3:53 p.m., Leon Givens was in his car, stopped at a traffic light on Penniman Road at its intersection with Merrimac Trail. When the signal turned green, Givens proceeded into the intersection. Yates, who was travelling about eighty-two miles per hour, struck the broadside of Givens's car. The collision pushed Givens's car into three other cars at the intersection. Although Givens's legs were still under the steering wheel, the impact "knocked his body into the passenger's side." Emergency responders airlifted Givens to Riverside Regional Hospital, where medical providers determined that he was permanently paralyzed from the neck down.

Initially, Yates stated that "someone had hit her out of nowhere." Later, Yates said that "she didn't know what had happened." Emergency responders transported Yates to Riverside Regional Hospital. The police determined that her blood alcohol content was 0.229 at 4:52 p.m. and 0.207 at about 6:00 p.m. Hospital records from 7:13 p.m. reflected that Yates was upset and yelled obscenities at medical staff. On several occasions, Yates exclaimed, "where the fuck is my phone?" When a nurse told Yates that she was being inappropriate, Yates responded "fuck you, dude, try losing your BMW, your cellphone and having a bad day." Hospital staff "had to call a code" after Yates got out of the bed, pulled out her IV and her c-collar, and urinated on the floor. About eight hours after the collision, hospital staff determined that Yates was "still not quite sober enough" to take an MRI.

Yates pleaded guilty to one count of maiming resulting from driving while intoxicated.[1] Yates also stipulated to the sufficiency of the evidence on one count of driving under the influence of alcohol, which was later amended to reckless driving by speed, to which she pleaded guilty. The trial court engaged in a plea colloquy with Yates, during which Yates acknowledged that she faced a maximum sentence of ten years, a $100,000 fine, and a loss of her driver's license for the aggravated DUI maiming charge. The trial court accepted her pleas and found her guilty of both charges.

At the sentencing hearing, the Commonwealth submitted a major violation report drafted by Yates's probation officer. The probation officer asserted that Yates had absconded from supervision and failed to maintain contact for nearly two years. The probation officer also reported that Yates had tested positive for illegal drugs many times between November 2019 and January 2021. During her supervised probation, Yates was admitted into three different recovery programs on four separate occasions.

Winnie Neaves, Givens's mother, testified that she was the last person to talk to him before the accident. The police called Neaves from the scene of the accident and told her about the collision. Neaves went to the hospital and found that Givens was "just blank, unresponsive." The accident severed Givens's ear, which medical providers taped up. As a result of the accident, Givens was paralyzed and on life support. Givens ultimately succumbed to his injuries and passed away. The trial court heard evidence that Givens had worked two jobs to support his wife, daughter, and grandchildren.

Yates testified that she struggled with substance abuse for over twenty years. Yates stated that she did not succeed in her recovery programs and that she was "[j]ust going through the motions." Yates testified that she had a problem with cocaine, but that she is "really not a drinker."

---

[1] There was no written plea agreement.

Yates stated that Givens's death greatly impacted her and that "[n]o amount of time will give him back what [she] has taken." She stated that Givens became her "greatest teacher" and that she would use their "story to impact anyone and everyone who crosses [her] path, and [that she would] tell them that one decision can last a lifetime." Yates finally stated that she wanted to be released from incarceration to spend time with and care for her two children and that she wanted to "be sober and live a normal life."

At the conclusion of the evidence, the Commonwealth requested that the trial court sentence Yates to ten years on the maiming charge and twelve months on the reckless driving charge. Yates conceded that some incarceration was appropriate but requested that the trial court suspend a portion of the sentence to "make sure [to] get her the help she needs." During allocution, Yates apologized to Givens's family and said, "if I could take all of this back, I would."

The trial court stated that it reviewed the facts of the case, the presentence report, and the victim-impact statements. The trial court stated that it also "listened very carefully to the witnesses," including Yates. The trial court noted that despite Yates having "a good childhood," she amassed a twenty-five-year history of substance abuse, multiple probation violations, and several driving-related offenses. The trial court considered that on the day of the accident, Yates used alcohol and psilocybin to the point of intoxication and assaulted a store clerk who would not sell her alcohol. The trial court also considered Yates's conduct at the hospital, including her belligerence with hospital staff and her decision to urinate on the floor. The trial court discussed Yates's noncompliance with her supervised probation. The trial court believed Yates's testimony was genuine but noted that Yates focused on herself. The trial court stated that Yates's actions impacted Givens as well as the occupants of the three other cars involved in the collision. The trial court mentioned that another driver, who was previously healthy, required chiropractic treatment as a result of the collision. The trial court discussed the victim-impact statement of Givens's wife, who

"liv[ed] a nightmare" by watching her husband paralyzed from the neck down before he died. The trial court stated that it "hope[d Yates] turn[s] her life around and honors [Givens]," but that nothing could be done to bring Givens back. The trial court sentenced Yates to ten years and twelve months of incarceration. The trial court imposed an additional three years of incarceration, which it suspended conditioned upon Yates completing three years of post-release supervision. This appeal followed.

ANALYSIS

Yates argues that the trial court abused its discretion by imposing an active sentence of ten years and twelve months because "it failed to adequately consider the mitigating evidence offered at the sentencing hearing." Yates concedes that this assignment of error was not preserved in the proceedings below, and instead argues that this Court should reverse the lower court's sentencing decision pursuant to the ends of justice exception under Rule 5A:18. This Court considers two questions in determining whether to apply the ends of justice exception: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010). We find that Yates meets neither of these criteria.

First, Yates has not demonstrated that the trial court committed error by sentencing her to an active sentence of ten years and twelve months' imprisonment. "We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Du v. Commonwealth*, 292 Va. 555, 563 (2016). Sentencing decisions "rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* When making a sentencing decision, it is "within the trial court's purview to weigh any mitigating factors

presented by the defendant." *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). But "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Accordingly, "[t]his Court's review is limited to whether the sentence fell within the permissible statutory range." *Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998).

Here, the record shows that the trial court imposed its sentence only after carefully weighing the mitigating and aggravating evidence offered by the parties. The trial court credited as genuine Yates's remorseful testimony, but noted that her testimony focused almost entirely on herself. The trial court acknowledged that Yates could "turn her life around" through rehabilitation, but had to weigh this against the fact that "nothing that [appellant] does . . . can bring [Givens] back." The trial court considered Yates's decision to drive while intoxicated at a high rate of speed, as well as her belligerent conduct at the hospital, which included shouting profanities at the hospital staff and urinating on the floor. The trial court reviewed Yates's presentence report, which showed multiple probation violations, a history of driving-related misconduct, and twenty-five years of substance abuse. The trial court finally considered the significant impact that Yates's actions had on others—both on Givens's family and the other victims of the car crash. Thus, the record shows that the trial court properly considered the evidence and arguments of the parties, and then imposed sentences that it deemed appropriate. These sentences were also within the permissible ranges set by the legislature. Code §§ 18.2-10, 18.2-11, 18.2-51.4(B), 46.2-862, and 46.2-868(A). Since Yates's sentences were within the statutory ranges, the trial court did not abuse its discretion in imposing a ten-year-and-twelve-month active sentence.

Second, the trial court's imposition of statutorily permissible sentences for criminal offenses to which Yates pleaded guilty does not constitute a grave injustice, especially under the

aggravated circumstances of this case. *See Williams v. Commonwealth*, 294 Va. 25, 28 (2017) ("The ends of justice exception is applied 'in very limited circumstances including, for example, where the record established that an element of the crime did not occur, a conviction based on a void sentence, conviction of a non-offense, and a capital murder conviction where the evidence was insufficient to support an instruction.'" (quoting *Gheorghiu*, 280 Va. at 689)); *see also Brittle v. Commonwealth*, 54 Va. App. 505, 517 (2009) (holding that "[b]ecause the sentence is not excessive on its face, '[w]e perceive no reason to invoke the "ends of justice" exception.'" (quoting *Jefferson v. Commonwealth*, 33 Va. App. 230, 239 (2000))). Thus, we will not apply the ends of justice exception in this appeal, and Yates's assignment of error is therefore procedurally defaulted.

## CONCLUSION

For the foregoing reasons, the trial court's sentencing decision is affirmed.

*Affirmed.*