COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Clements, Haley and Petty

DAVID MATTHEW VANWORMER, SOMETIMES KNOWN AS
   DAVID VANWORMER

MEMORANDUM OPINION*
v.       Record No. 0473-22-2                     PER CURIAM
                                                  NOVEMBER 29, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge

(Stephanie S. Henkle; Henkle Law Firm, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
Assistant Attorney General, on brief), for appellee. Appellant
submitting on brief.

Counsel for David Vanwormer filed a brief on his behalf accompanied by a motion for leave

to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy of that

brief has been furnished to Vanwormer, and he has filed a supplemental *pro se* brief. After

examining the briefs and record in this case, we have determined that this appeal is wholly frivolous

and affirm the trial court's judgment.

BACKGROUND

Following a bench trial, the Circuit Court of Chesterfield County convicted David

Vanwormer of forcible sodomy. By final order entered June 26, 2007, the trial court sentenced him

to forty years' incarceration with thirty-two years suspended for life (2007 conviction). The trial

court also imposed an indefinite period of supervised probation.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Vanwormer's supervised probation commenced on November 19, 2013. Between April 2014 and August 2019, the trial court found him in violation of his supervised probation three times. By order entered April 24, 2014, the trial court revoked and re-suspended all but one year of Vanwormer's previously suspended sentence of thirty-two years. By separate order also entered April 24, 2014, the trial court convicted Vanwormer of two counts of failing to register as a sex offender and sentenced him to ten years of imprisonment, with eight years suspended, and a five-year term of supervised probation (2014 convictions).

By orders entered December 15, 2016, the trial court revoked Vanwormer's suspended sentences for both the 2007 and 2014 convictions. On the 2007 conviction, the court re-suspended all but a year-and-a-half of the remaining thirty-one year sentence. On the 2014 convictions, the trial court re-suspended all eight years of the suspended sentence. By orders entered August 5, 2019, the trial court again re-suspended all but a year-and-a-half of the remaining suspended sentence on the 2007 conviction and re-suspended all eight years of the suspended sentence on the 2014 convictions.

Vanwormer's latest term of probation supervision commenced on August 10, 2020. Vanwormer's probation officer filed a major violation report (MVR) on October 14, 2021. The probation officer asserted that on March 25, 2021, Vanwormer called the officer and reported "that he had been attacked by two men and needed medical attention." The officer called 911; law enforcement and emergency medical personnel responded to the scene and transported Vanwormer to the hospital. Law enforcement and hospital staff later informed the probation officer that they "did not find any physical injuries on [Vanwormer's] body but he was complaining of pain." On July 19, 2021, Vanwormer was convicted *in absentia* of filing a false police report in Chesterfield General District Court. Vanwormer also received numerous traffic citations between November 2020 and September 2021, none of which he reported to his probation officer.

The probation officer further asserted that on June 3, 2021, Vanwormer admitted during a polygraph examination that he had "consume[d] alcoholic beverages almost everyday for a two[-]month period" and had used marijuana "four or five times" since his release, in violation of the conditions of his supervised probation. During the same polygraph examination, Vanwormer admitted several other courses of conduct that violated the terms of his supervised probation: he "view[ed] Facebook to assist a friend with Facebook market place," he "view[ed] hardcore adult pornography four times," and he masturbated in his employer's bathroom, which was open to the public.

At the revocation hearing,[1] defense counsel conceded that there was "sufficient evidence to find [Vanwormer] in violation" of the terms of his supervised probation, though counsel noted that Vanwormer denied "some of the allegations." The trial court thus found that Vanwormer had violated the conditions of his supervised probation.

Neither party offered evidence regarding sentencing. The sentencing revocation report yielded a guidelines range of one to four years. Defense counsel acknowledged that "sanctions [were] appropriate" but argued for a sentence at the low end of the guidelines range. Counsel stated that Vanwormer admitted "that he lied to his boss," used alcohol and marijuana, and "help[ed] a friend develop a Facebook Marketplace advertisement." Vanwormer denied "viewing pornography or masturbating." Counsel asserted that Vanwormer was working "low-level" part time jobs, was meeting with his probation officer and "trying to be in compliance," but was "his own worst enemy." Further, counsel contended that Vanwormer was "not violent" and asked the trial court to consider whether "maybe he could do" the Community Corrections Alternative Program.

---

[1] Before the revocation hearing, the trial court granted Vanwormer's motion for a medical furlough, "contingent on" defense counsel "presenting the [c]ourt with medical documentation." At the revocation hearing, the trial court denied the medical furlough because the documentation the defense submitted was "wholly insufficient."

The Commonwealth requested a sentence at the high end of the guidelines range, noting that this was Vanwormer's fourth revocation and that he was a "liar" who had "an utter disregard for probation and the sex offender conditions that have been placed on him." The Commonwealth further contended that Vanwormer's 2007 forcible sodomy conviction was a violent offense.

By final order entered March 16, 2022, the trial court imposed a four-year active revocation sentence. The court explained that this was Vanwormer's fourth revocation and that his previous revocation sentences had proven insufficient to induce Vanwormer to comply with the terms of his supervised probation. Vanwormer now appeals.

ANALYSIS

On appeal, Vanwormer contends that the trial court abused its discretion by revoking his supervised probation and imposing a four-year revocation sentence. In his supplemental *pro se* brief, Vanwormer asserts three additional assignments of error: 1) the trial court erred in finding "evidence sufficient beyond a reasonable doubt to convict [Vanwormer] of a probation violation because the Commonwealth's . . . only witness" did not testify; 2) the trial court erroneously admitted hearsay testimony and denied Vanwormer an "opportunity to confront and cross-examine his accuser"; and 3) the trial court erroneously "refused to allow [Vanwormer] an opportunity to testify in his own behalf" at the revocation hearing. "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). A circuit court may abuse its discretion in one of three principal ways: "(1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) when the circuit court, while weighing 'all proper factors,' commits a clear error

of judgment." *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).

## I. Revocation Order

Vanwormer contends that the trial court erred by revoking his supervised probation and imposing a four-year revocation sentence. But Vanwormer conceded at the revocation hearing that he violated the terms of his supervised probation. Under the operative terms of the revocation statute as applicable to Vanwormer's violations, once the trial court found that Vanwormer violated the terms of his supervised probation, the trial court was obligated to revoke the suspended sentences, and those sentences were in "full force and effect." Code § 19.2-306(C)(ii); *Green v. Commonwealth*, 75 Va. App. 69, 78 (2022).[2] The trial court was permitted—but not required—to re-suspend all or part of those sentences. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). Therefore, the trial court had the authority to revoke the previously suspended sentences, re-impose those sentences, and re-suspend twenty-four years on the 2007 conviction and eight years on the 2014 convictions, for an active revocation sentence of four years.

The record reflects that the trial court considered Vanwormer's arguments for a sentence at the low end of the guidelines range, including that he was employed, was not violent, and was attempting to cooperate with the probation officer. In rejecting that disposition and imposing a sentence at the high end of the guidelines range, the trial court noted that this was Vanwormer's

---

[2] Although Code § 19.2-306(C) was amended effective July 1, 2021, Vanwormer does not argue that the statutory amendment applied in his case. This Court recently held that the statutory amendment did not apply where, as here, the probation violation occurred and the revocation proceeding began before the effective date of the amendment. *See Green*, 75 Va. App. at 84 n.4. Moreover, even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

fourth revocation and that his previous revocation sentences did not improve his poor performance on supervision. Given these facts, the trial court did not abuse its discretion by imposing an active revocation sentence of four years.

## II. Rule 5A:18

Vanwormer also argues that the trial court erred by finding him in violation based on hearsay evidence, thereby preventing him from confronting and cross-examining his accuser, namely, the probation officer. He further argues that the trial court erroneously prevented him from testifying on his own behalf. Vanwormer did not make these arguments to the trial court; to the contrary, by conceding the violation, Vanwormer obviated the need for the trial court to hear testimony. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

In his *pro se* brief, Vanwormer suggests that this Court should apply the ends of justice exception to Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). Vanwormer bears the "heavy" burden of establishing a miscarriage of justice. *Holt*, 66 Va. App.

- 6 -

at 210. He "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (quoting *Redman*, 25 Va. App. at 221).

Vanwormer has not met that heavy burden in this case. Although Vanwormer denies committing some of the probation violations listed in the MVR, the record reflects that he was convicted of filing a false police report, he impermissibly used alcohol and marijuana on multiple occasions, and he impermissibly accessed Facebook. Accordingly, Vanwormer cannot show that the trial court's order revoking his supervised probation for the fourth time and imposing a four-year revocation sentence constitutes a manifest injustice.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant counsel's motion for leave to withdraw.[3] *See Anders*, 386 U.S. at 744. This Court's records shall reflect that David Matthew Vanwormer, s/k/a David Vanwormer, is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.

---

[3] We do not consider Vanwormer's numerous *pro se* filings other than his supplemental brief.