COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Malveaux and Callins


DEVON TYREE BUTLER

                                                        MEMORANDUM OPINION*
v.        Record No. 2121-23-2                              PER CURIAM
                                                           APRIL 29, 2025
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Edward A. Robbins, Jr., Judge

            (Elena Kagan, Assistant Public Defender; Catherine French
            Zagurskie, Chief Appellate Counsel; Virginia Indigent Defense
            Commission, on briefs), for appellant.

            (Jason S. Miyares, Attorney General; Linda R. Scott, Senior
            Assistant Attorney General, on brief), for appellee.


        Devon Tyree Butler ("appellant") challenges the sentence the trial court imposed after

finding that he violated the terms of his suspended sentence.  Appellant argues that the trial

court: (1) abused its discretion by imposing a four-year active sentence for what he maintains

was a second technical probation violation; (2) committed a "clear error of judgment" in

weighing relevant factors when sentencing; and (3) erred in lifting the stay of execution of his

sentence.  After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit"; additionally, "the

dispositive issue or issues have been authoritatively decided" and "the appellant has not argued

that the case law should be overturned, extended, modified, or reversed."  Code

§ 17.1-403(ii)(a)-(b); Rule 5A:27(a)-(b).  Finding no error, we affirm the trial court's judgment.

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I. BACKGROUND

Under settled precedent, we view the evidence received at a revocation hearing, including "all reasonable and legitimate inferences that may properly be drawn" from that evidence, in the light most favorable to the Commonwealth, as the party that prevailed below. *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022).

Appellant was convicted of malicious wounding in 2006 and sentenced to 20 years' incarceration, with 15 years suspended. He was placed on supervised probation upon release. In 2016 and again in 2017, the trial court revoked appellant's suspended sentence and resuspended it in part. Both revocations involved technical violations: appellant violated Conditions 6 and 8 of his probation requiring him to follow the instructions of his probation officer and refrain from using, possessing, or distributing controlled substances. Appellant returned to supervised probation in October 2021.

In July 2022, appellant's probation officer reported that appellant had failed several drug screens, thereby violating Condition 8 of his probation. The trial court issued a capias and a show cause order. At the revocation hearing in February 2023, appellant acknowledged his substance use disorder and told the court he had completed an inpatient program for substance abuse and "was working an outpatient program." He had tested negative for controlled substances for "a considerable amount of time," and was attending school to get a commercial driver's license to "better" himself. He asked the trial court for a chance to show he could maintain sobriety.

The trial court considered the sentencing revocation report, which indicated that this was appellant's third technical violation and recommended a range of incarceration between one and four years. Appellant's counsel told the trial court he had reviewed the guidelines and had no objections to the calculated sentencing range, but asked that the trial court deviate downward.

The trial court revoked the remaining 13 years of appellant's suspended sentence and resuspended 9 years, but stayed the execution of the four-year active sentence until January 17, 2024. On that date, appellant was "to report to serve [his] sentence, or perhaps for some other disposition in the case." The court told appellant the terms of the stay:

> If you do what has been represented and otherwise comport yourself to expectations of law-abiding behavior, then you might not serve a day. But if you should revert to your difficulties or otherwise do not comport with the [c]ourt's expectations . . . this is how it unfolds: First, the stay gets lifted, you go to prison for four years. Then we talk about the show cause for the remaining nine. . . . You have asked for an opportunity . . . whether that opportunity works or not is entirely and completely up to you.

Appellant responded, "Yes, sir" and promised to maintain his sobriety. The trial court entered its revocation order on March 2, 2023.

In August 2023, appellant's probation officer reported that appellant had continued to test positive for illicit substances and voluntarily left substance abuse treatment before completing the program, thereby violating again Conditions 6 and 8 of his probation.[1] At the subsequent hearing in November 2023, appellant told the court about his efforts to maintain sobriety but acknowledged that "he was not in strict compliance with the order of the stay," having had "positive screens" and having incurred "new charges" that were pending at the time. Appellant told the trial court that despite this, he "continued to work towards and tried to maintain his sobriety, [and] continued to work with various programs . . . to help him maintain the progress he had made." The trial court found that "[t]he purpose of the stay was not fulfilled," lifted the stay and imposed the four-year sentence, and entered an order memorializing its ruling. This appeal followed.

---

[1] The August probation violation was scheduled for separate adjudication and is not part of this appeal.

## II. ANALYSIS

### A. Code § 19.2-306.1(C)

Appellant argues that the trial court erred by sentencing him to more than 14 days of incarceration, because "this was only [his] second technical violation" and Code §19.2-306.1(C) limits the sentence a court may impose in such cases. Appellant acknowledges that this issue was not preserved in the trial court, but asks us to consider it because the alleged error renders the sentencing order void ab initio, so we are not barred from addressing the issue, or alternatively, the ends of justice exception to Rule 5A:18 applies.

We first address appellant's argument that the sentencing order was void ab initio. "A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all," rather, "[i]t is a legal nullity from which no rights can be created or divested, binding no one and barring no one." *Hannah v. Commonwealth*, 303 Va. 106, 119 (2024). There are five circumstances in which judgments are void ab initio: "when '(1) [the judgment] was procured by fraud, (2) the court lacked subject matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure.'" *Id.* at 119-20 (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)). "Objections to void ab initio judgments may be raised by any party in the case at any point during a valid direct or collateral proceeding where the voidness of the order is properly at issue, including by a court for the first time on appeal." *Id.* at 120. "Void ab initio orders, however, stand in contrast to *voidable* orders, which are actions taken by a court in error but within the bounds of its authority," which "are more common and usually involve a court's failure to comply with precedent or an applicable statute." *Id.* "[O]bjections to voidable errors must be preserved and brought before courts of appeal pursuant to our procedural Rules." *Id.*

Appellant contends that "because the trial court's sentence was in excess of its statutory authority, it was void ab initio." But it is undisputed that the trial court had the authority to sentence appellant to incarceration for violating probation under Code § 19.2-306.1; appellant challenges only the length of the sentence. And we have previously held that "a circuit court's failure to comply with Code § 19.2-306.1 in a sentence revocation order is not activity 'of a character that the court lacked power to render,'" and "as a result, the alleged error would not render the revocation order void ab initio." *Terry v. Commonwealth*, 81 Va. App. 241, 254 (2024) (quoting *Hannah*, 303 Va. at 120). Appellant was required to raise his challenge to the length of his active sentence under Code § 19.2-306.1 in the trial court in order to preserve it for appeal. *See id.*

As to appellant's ends of justice argument, Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." The ends of justice exception "is narrow and is to be used sparingly," *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (en banc)), and has only been applied "in very limited circumstances" such as where the record established that an element of a crime did not occur, a conviction of a non-offense, or a capital murder conviction where the evidence was insufficient to support an instruction, *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010) (collecting cases). We consider "two questions when deciding whether to apply the ends of justice exception: '(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu*, 280 Va. at 689).

Turning to the first question, appellant contends that because this is his third probation violation, the trial court could only sentence him to more than 14 days of active incarceration if both his prior violations were also technical, which was not the case because his second violation involved "both technical and non-technical violations." But "an individual commits a technical violation under Code § 19.2-306.1 when he commits an act enumerated in subsection (A) of the statute—regardless of whether the violation is adjudicated simultaneously with a separate non-technical violation." *Commonwealth v. Browne*, 303 Va. 90, 94 n.2 (2024). Appellant's second violation was related to his failure to follow Conditions 6 and 8 of his probation: that he follow the instructions of his probation officer, a technical violation under Code § 19.2-306.1(A)(v), and that he refrain from using, possessing, or distributing controlled substances, a technical violation under Code § 19.2-306.1(A)(vii). So even if these violations were adjudicated along with a non-technical violation, they still count as technical violations for the purposes of the sentencing limitation in Code § 19.2-306.1(C). Thus, as there was no error, there is no grave injustice at stake, and the ends of justice exception does not permit us to consider appellant's argument.

### B. Sentencing Discretion

Appellant also argues that the trial court "committed a clear error of judgment" in weighing the sentencing factors, and erred in lifting the stay of execution of his four-year sentence, because it did not properly weigh his mitigation evidence.

"The trial court 'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'" *Clarke v. Commonwealth*, 60 Va. App. 190, 196 (2012) (alteration in original) (quoting *Russnak v. Commonwealth*, 10 Va. App. 317, 321 (1990)). "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)). "Whether to revoke a

suspended sentence 'lies in the discretion of the trial court' and will not be reversed absent an abuse of that discretion." *Thomas v. Commonwealth*, 77 Va. App. 613, 619 (2023) (quoting *Carroll v. Commonwealth*, 280 Va. 641, 654 (2010)). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

Here, in February 2023, the trial court initially considered appellant's evidence of his efforts to improve himself and achieve sobriety, concluded that appellant was a good candidate for rehabilitation, and stayed the execution of the four-year active sentence to give him an opportunity to maintain sobriety. The court advised appellant that if he did so and if he was able to "otherwise comport [him]self to expectations of law-abiding behavior," then he "might not serve a day," but warned that he would face four years' incarceration, and possibly more, if he failed. Appellant affirmatively agreed to these terms. However, at the November 2023 hearing, appellant acknowledged he "was not in strict compliance with the order of the stay" due to having positive screens for illegal substances and incurring new pending charges. He also informed the trial court that he was still trying to maintain sobriety. But the trial court found that the purpose of the stay had not been fulfilled as appellant had not complied with the terms of the stay. Accordingly, the court lifted the stay and ordered execution of the four-year sentence it had previously imposed for appellant's non-compliance with probation. Because the trial court had

reasonable cause for revoking appellant's suspended sentence, we find it did not abuse its discretion in doing so.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*