JUSTICE MIMS, concurring.
I reluctantly concur with the Court's ruling declining to apply the ends of justice exception to Rule 5:25 in this case. I write separately to emphasize my concern that the existing statutes provide inadequate direction to the courts and to urge the General Assembly to re-examine them.
I agree with Justice Powell that, having adjudicated Williams not guilty of the August 2014 offenses by reason of insanity, the trial court was required by Code § 19.2-182.2 to place him in the **31 custody of the Department of Behavioral Health and Development Services for evaluation. The trial court did so. I also agree with Justice Powell that, after the trial court found that Williams was in need of inpatient hospitalization (based on the evaluation report), it was required to commit him. Again, the trial court did so. The trial court therefore discharged its obligation under the statutes, in their current form.
Nevertheless, the statutes are deficient because they do not direct courts how to prioritize incarceration and commitment when a defendant is found guilty of some criminal offenses but not guilty of others by reason of insanity. I cannot conclude that that trial court erred when it ordered the sequence of incarceration before commitment, so I must agree with the Court that the ends of justice exception does not apply in this case. Commonwealth v. Bass, 292 Va. 19, 27, 786 S.E.2d 165, 169 (2016).
The Court is prepared to rely on prisons' constitutional and statutory obligations to provide adequate mental health treatment. But medical care is merely an incidental function of correctional facilities, which are principally charged with custody and rehabilitation. Medical care, including mental health treatment, is the principal responsibility of hospitals and other treatment facilities. Mental health treatment "provided in the inherently coercive system of prisons is ... at the very least, extremely challenging." Anasseril E. Daniel, M.D., *890 Care of the Mentally Ill in Prisons: Challenges and Solutions , 35 J. Am. Acad. Psychiatry L. 406, 408 (2007). "[P]rison disciplinary measures are deliberately stressful, if not harmful for those with serious mental illness, in comparison with behavioral therapy." Alan R. Felthous, Enforced Medication in Jails and Prisons: The New Asylums , 8 Alb. Gov't L. Rev. 563, 572 (2015).
The Court also states that if the Department of Corrections' mental health facilities are inadequate to treat Williams, the Department can transfer him to a hospital under Code § 53.1-40.2. However, that code section says nothing about transferring prisoners if the Department's mental health treatment facilities are inadequate. Rather, it permits the Director of the Department or his designee to petition for the involuntary admission of a prisoner "who is alleged or reliably reported to have a mental illness to a degree that warrants hospitalization." In this case, the psychiatrist **32 and clinical psychologist who examined Williams pursuant to the trial court's Code § 19.2-182.2 order reported that he needs inpatient hospitalization. If their report is not sufficiently "reliabl[e]" for the purposes of Code § 53.1-40.2, whose could be? If the trial court's subsequent judicial finding that he needs such treatment is not a sufficient "alleg[ation]," what is? Yet the Director's decision is discretionary under the statute, so Williams has no means by which to compel him to act.
Although I must conclude that the Court's disposition in this case is correct under the law as it stands, I believe that the statutes applicable here are woefully inadequate in their present form to address the mental health crisis that continues to grow in our correctional facilities. Correcting these statutory deficiencies is unquestionably the province of the legislature, not of the courts (until they reach constitutional dimensions). I appreciate that the General Assembly continues to wrestle with these difficult issues. I urge it to consider both the issue of how courts should prioritize incarceration and commitment when a defendant is found guilty of some criminal offenses and not guilty of others by reason of insanity, and whether a finding that a defendant needs inpatient hospitalization for the purposes of committing him under Code § 19.2-182.3 should be sufficient to compel the Department of Corrections to petition to have a prisoner in its custody involuntarily admitted to such hospitalization.