# COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Athey and Senior Judge Frank
Argued by videoconference

UNPUBLISHED

GUY MARTIN SANTIAGO, JR.

                                                      MEMORANDUM OPINION[*] BY

v.       Record No. 1210-20-1                       JUDGE WILLIAM G. PETTY
                                                             JULY 13, 2021

COMMONWEALTH OF VIRGINIA

### FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

(Joshua A. Goff; Goff Voltin, PLLC, on brief), for appellant. Appellant submitting on brief.

Victoria Johnson, Assistant Attorney General (Mark R. Herring, Attorney General, on brief), for appellee.

Guy Martin Santiago, Jr., was convicted of possession with the intent to distribute more than one-half ounce, but less than five pounds of marijuana, in violation of Code § 18.2-248.1, and possession or transportation of a firearm after having been convicted of a felony, in violation of Code § 18.2-308.2. He appeals the court's sentence, arguing that the sentence was statutorily impermissible. For the reason below, we affirm the decision of the trial court.

## I. BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. On

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appeal, we review the evidence in the "light most favorable" to the Commonwealth.  Holloway v. Commonwealth, 57 Va. App. 658, 663 (2011) (*en banc*).

On September 16, 2019, following a bench trial, the Circuit Court of the City of Newport News found the evidence sufficient to convict Santiago of possession with intent to distribute more than one-half ounce, but less than five pounds of marijuana, in violation of Code § 18.2-248.1, and possession or transportation of a firearm after having been convicted of a felony, in violation of Code § 18.2-308.2.  At the sentencing hearing on October 16, 2020, the court found Santiago guilty of both charges and stated, "the [c]ourt will impose a $250 fine and sentence you to 5 years in the Virginia State Penitentiary with all but 1 year and 3 months of that time suspended" for the marijuana charge.  The court sentenced Santiago to five years in the penitentiary, with all but two years suspended, for the firearm charge.  The court also stated that the suspended portion of the sentences was conditioned on "uniform good behavior and keeping the peace for 5 years upon release, that [he] complete 1 year of supervised probation with the Department of Probation and Parole and that [he] pay all costs of court."  Counsel for Santiago requested and was granted delayed reporting, and then he asked the court to clarify the sentence for the marijuana charge.  The court repeated, "A $250 fine, 5 years, all but 1 year and 3 months."  Counsel for Santiago made no objection and said, "Yes, [y]our [h]onor.  Thank you."

The same day, the court entered a written sentencing order.[1]  The order sentenced Santiago to "Five (5) Years with all but One (1) [Year] Three (3) Months suspended" for the marijuana charge and "Five (5) Years with all but Two (2) Years suspended" for the firearm charge.  The order then stated that the sentences were "conditioned upon the following":  five years of good behavior upon release, one year of supervised probation, "[p]ay[ment of] a $250

---

[1] The court entered a *nunc pro tunc* order on January 15, 2021, to reflect that Santiago entered a plea of not guilty.

fine," and payment of court costs. The sentence summary at the end of the order also listed the sentences as five years, one year and three months suspended, for the marijuana charge, and five years, all but two years suspended, for the firearm charge. The sentence summary did not mention the fine.

Santiago now appeals.

## II. ANALYSIS

Santiago argues on appeal that the trial court erred in imposing his sentence because the marijuana charge was a Class 5 felony and "the [c]ourt could not impose both an active term of imprisonment in the penitentiary and a fine for a Class 5 felony." Santiago concedes that he did not preserve this argument in the trial court, but he asks this Court to reach his argument under the ends of justice exception to Rule 5A:18.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" Scialdone v. Commonwealth, 279 Va. 422, 437 (2010) (quoting Johnson v. Raviotta, 264 Va. 27, 33 (2002)).

However,

> Rule 5A:18 permits us to overlook the appellant's failure to preserve the issue and consider the merits of his argument for the first time on appeal if the ends of justice so demand. Nonetheless, our Rule 5A:18 jurisprudence confirms that "[t]he ends of justice exception . . . is narrow and is to be used sparingly."

Brittle v. Commonwealth, 54 Va. App. 505, 512 (2009) (quoting Pearce v. Commonwealth, 53 Va. App. 113, 123 (2008)). "This Court considers two questions when deciding whether to

apply the ends of justice exception: (1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." Williams v. Commonwealth, 294 Va. 25, 27-28 (2017) (quoting Commonwealth v. Bass, 292 Va. 19, 27 (2016)). The appellant has the burden to demonstrate that a manifest injustice has occurred. Brittle, 54 Va. App. at 513.

Santiago's argument fails to meet the first requirement—that there is error as he contends. "It is well established in this Commonwealth that a circuit court speaks only through its written orders." Roe v. Commonwealth, 271 Va. 453, 457 (2006). We presume that those orders "accurately reflect what transpired." Marttila v. City of Lynchburg, 33 Va. App. 592, 598 (2000) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35 (1997)). "This presumption also applies where an order conflicts with a transcript of related proceedings." Id. In its written order, the court stated that the sentence for the marijuana charge was five years with all but one year and three months suspended. Then the court listed the $250 fine as a "condition[]" of the sentences, making it abundantly clear that the fine was separate from the sentences. See Code § 19.2-356 (authorizing a court to make payment of a fine a condition of probation or suspension of sentence). Based on the written order, which we presume to be correct, see Marttila, 33 Va. App. at 598, we find no other way to construe the order than as imposing the fine as only a condition of probation, not a part of the sentences.[2] Accordingly, because there is no error as Santiago contends, we will not invoke the ends of justice exception to Rule 5A:18. See Williams, 294 Va. at 27-28.

---

[2] Furthermore, we cannot address the question of whether the fine was an improper condition of probation in this case because that question is not encompassed in Santiago's assignment of error, which characterizes the fine as a part of the sentence itself. See Kirby v. Commonwealth, 246 Va. 440, 445-46 (2002) (refusing to address an issue "not properly encompass[ed]" in the assignment of error).

III.  CONCLUSION

Because Santiago has not properly preserved his argument, and because we see no reason to invoke the ends of justice exception to Rule 5A:18, we affirm the decision of the trial court.

<u>Affirmed.</u>