COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Annunziata, Frank and Petty

JEREMY WAYNE DODGE

v.      Record No. 0648-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 12, 2022

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
F. G. Rockwell, III, Judge

(Stephanie S. Henkle, on brief), for appellant. Appellant submitting
on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.

Counsel for Jeremy Wayne Dodge, appellant, filed a brief on his behalf accompanied by a

motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

A copy of that brief has been furnished to Dodge with sufficient time for him to raise any matter

that he chooses. Dodge has not filed any *pro se* supplemental pleadings. Dodge challenges the

trial court's judgment revoking a previously suspended sentence and ordering him to serve two

years of active incarceration. After examining the briefs and record in this case, we affirm the trial

court's judgment. We unanimously hold that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

___

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In 2016, Dodge pleaded no contest and was convicted of obtaining money or property by false pretenses. The trial court sentenced him to ten years' imprisonment, with eight years suspended. In addition, the trial court stayed the execution of eighteen months of Dodge's active sentence conditioned upon good behavior, supervised probation, and his successful completion of the "ORBIT program."

In June 2017, Dodge, *pro se*, filed a motion to amend his sentence. By order entered August 3, 2017, the trial court granted Dodge's motion to amend, and "suspend[ed] the unexecuted portion of the sentence" conditioned upon Dodge's successful completion of the "Orbit Program." The trial court ordered that the remainder of the original sentencing order would "remain in full force and effect." Dodge never completed the Orbit Program.

Dodge was released from incarceration on unrelated charges in 2019. On December 29, 2020, Dodge's probation officer filed a violation report detailing Dodge's non-compliance with probation. The report stated that Dodge had incurred a new conviction for torturing an animal and been sentenced to twelve months' incarceration, with eight months suspended. In addition, Dodge had been charged with strangulation and domestic assault and battery. The trial court issued a show-cause order and a capias, which were served on Dodge on January 13, 2021.

At the revocation hearing, the Commonwealth reported that in addition to the animal cruelty conviction, Dodge had been convicted of strangulation and domestic assault and battery during the suspension period. Based on the new convictions, the trial court found that Dodge was "clearly in violation."

Dodge acknowledged that he failed to complete the Orbit Program, claiming that the program director said he had "too much time" so he was transferred to the Department of

Corrections (DOC). Dodge contended that he served five months more than the sentence imposed because his "paperwork was messed up." Dodge also acknowledged that he had incurred new convictions for strangulation, assault and battery of a family member, and animal cruelty. Dodge contended that he had been in a "toxic" relationship, in which he and his wife were using drugs. According to Dodge, he was convicted of animal cruelty because he hit a pitbull in the nose after it bit him. Dodge also claimed the domestic assault and battery conviction arose from an argument he had with his wife over money. During the argument, his wife hit him "in the face" and he "lost it" and "smacked" her. Despite admitting that his actions were "unacceptable," Dodge maintained that his wife was "looking for an out" and had him arrested.

Dodge also asserted that all of his prior criminal conduct was attributable to his drug addiction. Dodge's prior attempts to secure drug treatment programs had been unsuccessful, and he was experiencing difficulty securing treatment. Stressing his fundamentally good nature, Dodge conceded he is an addict who had "done a lot of stupid stuff behind drugs." Dodge was eager to address his drug addiction to stop "the same old song and dance." Dodge contended that he would participate in drug treatment if the court ordered him to a program. The trial court found that there was not a drug treatment program it could order considering Dodge's new convictions.

Addressing an appropriate sentence, the Commonwealth argued that Dodge had squandered the "huge opportunity" he had been afforded when he originally was sentenced. The Commonwealth noted that Dodge had a "terrible" criminal record, which included burglaries, child abuse and neglect, assault and battery, and several theft-related crimes. Further, Dodge's violation occurred "quickly" following his release from confinement, and he currently was before the court for "egregious conduct." In the Commonwealth's view, a program was inappropriate because Dodge had "victimize[d] other people" repeatedly. The Commonwealth asked the trial court to impose at least eighteen months' incarceration.

Dodge argued that this was his first probation violation. He asserted that he had acknowledged his guilt and repeatedly asked for help to address his drug addiction. In fact, Dodge stressed that he still needed and wanted drug treatment and had been frustrated by his circumstances and lack of finances for alternative treatment. Dodge noted that he had reported to probation upon his release from incarceration and did not abscond or "run from treatment." In allocution, Dodge reiterated that he needed help to address his twenty-year drug addiction and mental health concerns resulting from his childhood trauma. Counsel asked the trial court to resuspended his entire sentence and return him to probation so he could use their resources to address his drug addiction and mental health "issues that have manifested throughout his life."

After hearing argument from counsel, the trial court first noted that Dodge had not accepted responsibility for his actions. Rather, Dodge's testimony amounted to a claim that "nothing [was his] fault." Furthermore, Dodge's criminal history and new convictions foreclosed the possibility of alternative programs. Finding that Dodge already had been afforded an opportunity to participate in drug treatment, the court revoked Dodge's previously suspended sentence and resuspended seven years and six months. The trial court denied Dodge's request to order his active sentence to run concurrently with his sentences for his new convictions. This appeal follows.

ANALYSIS

In challenging the revocation and sentence, Dodge first argues that the trial court abused its discretion when it revoked his previously suspended sentence without asking him to enter a plea. Dodge acknowledges that he failed to preserve this argument for the trial court; Dodge asks that this Court consider his argument under the ends of justice exception to Rule 5A:18.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting *Redman v. Commonwealth*, 25 Va. App. 215,

220 (1997)).  In determining whether the exception applies, the Court considers two questions:  "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice."  *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017) (quoting *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (internal quotation marks and citation omitted)).

"The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant."  *Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).  "It is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'"  *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).  Dodge cites no authority to support his assertion that the trial court was required to ask him to enter a plea to the allegation that he had violated the terms and conditions of his suspended sentence.  Dodge's entire argument is as follows:  "The [c]ourt failed to allow the appellant to enter into a plea.  The record does not contain any plea entered."  This bare assertion without any citation to the record or to any authority clearly does not satisfy Dodge's burden to show manifest injustice.[1]  Accordingly, this argument is waived and we do not consider it.  Rule 5A:18.

Dodge further contends that the trial court should not have imposed the eighteen months previously stayed or sentenced him to an active jail sentence considering that this was his first probation violation and he had already served more time than the trial court originally imposed because of a problem with his "paperwork."  "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been

---

[1] Moreover, Dodge acknowledged to the trial court that he had violated the conditions of his suspended sentence.

convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). When an individual abuses that grace by failing to comply with probation, the trial court's authority to revoke a suspended sentence "is quite broad." *Clarke v. Commonwealth*, 60 Va. App. 190, 195 (2012) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)).

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statute in effect when this revocation proceeding began, once the trial court found that Dodge had violated the terms of the suspension, it was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[2] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

What weight to assign to any mitigating factors Dodge presented was within the trial court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Dodge's disregard of the terms of his suspended sentence—including his failure to be of good behavior—demonstrated

---

[2] Although Code § 19.2-306(C) was amended effective July 1, 2021, Dodge does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, ___ & n.4 (2022). Moreover, even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

- 6 -

that he was not amendable to rehabilitation. Dodge failed to make productive use of the "grace" that had been extended to him and continued to engage in violent criminal conduct during the suspension period. *See Hunter*, 56 Va. App. at 587.

Considering Dodge's extensive criminal record and poor performance on probation, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"). Accordingly, we find no abuse of discretion with the trial court's sentencing decision.

## CONCLUSION

We affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Jeremy Wayne Dodge is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*