COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Fulton and White
Argued at Norfolk, Virginia


DESHAWN MICHAEL HAYES

v.      Record No. 0610-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE GLEN A. HUFF
MARCH 7, 2023


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

Charles E. Haden for appellant.

Suzanne S. Richmond, Assistant Attorney General (Jason S.
Miyares, Attorney General; Virginia B. Theisen, Senior Assistant
Attorney General, on brief), for appellee.


Following his guilty pleas, the trial court convicted Deshawn Michael Hayes of abduction,

possession of a firearm by a nonviolent felon, and brandishing a firearm. The trial court sentenced

Hayes to a total of fifteen years and twelve months' imprisonment, with ten years and twelve

months suspended. On appeal, Hayes challenges the voluntariness of his guilty pleas and argues

that the trial court abused its sentencing discretion. For the following reasons, this Court affirms the

trial court's judgment.

BACKGROUND

On appeal, this Court recites the facts "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires this Court to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Before accepting Hayes's pleas, the trial court conducted a lengthy colloquy with him to ensure that he was entering the pleas knowingly, intelligently, and voluntarily.[1]  During the colloquy, Hayes confirmed that he fully understood the charges against him as well as what the Commonwealth would need to prove to convict him of those offenses.  Hayes also confirmed that he had consulted with his attorney about the charges and their elements and that he was satisfied with his attorney's services, including their discussions of possible defenses and punishments.  The trial court itself reviewed the range of punishment for each crime, and Hayes confirmed that he understood those ranges.  Hayes acknowledged his understanding that by pleading guilty, he was waiving his rights to not incriminate himself, to a trial by jury, to remain silent, and to confront and cross-examine the Commonwealth's witnesses.  Hayes stated that he understood the trial court's questions and did not have any questions for the court.

The Commonwealth proffered that in November 2020, Diamond Staley was living in North Carolina when she met Hayes through a dating app and accepted his invitation to live with him in Virginia for an extended period of time.  When Staley first arrived in Virginia, Hayes paid for her to stay in various hotel rooms, but after Staley grew tired of that lifestyle, Hayes moved her into an apartment with himself and another woman in January 2021.  While living in the apartment, Hayes had Staley take photos of him with various firearms.  Hayes and Staley commenced a sexual

---

[1] Appellant pled guilty to the charge of possession of a firearm by a non-violent felon and entered pleas pursuant to *North Carolina v. Alford*, 400 U.S. 24 (1970), to the other two charges. As part of the written plea agreement, signed by appellant, the Commonwealth agreed to dismiss two additional charges: use of a firearm and felony possession of a firearm by a violent felon.

relationship and eventually Staley suspected that Hayes also had a sexual relationship with the other woman living in the apartment.

On January 17, 2021, Hayes left the apartment and ordered Staley to stay in the apartment and not speak about him with anyone else. After Hayes left, Staley had a heated conversation with the other woman in the apartment, and the other woman texted Hayes. Hayes returned to the apartment, retrieved a firearm, brandished it before Staley, and demanded that she not leave the apartment. Hayes again left the apartment and "went back and forth a couple of times"; he ultimately returned, locked the door, and told Staley that if she left again he would shoot her. Staley escaped the apartment and called the police. The following day, however, Staley called police again and indicated she wanted to recant her story; hesitation in her voice led investigators to suspect that she was being forced to recant.

Staley met with police shortly thereafter and again recanted her story, but the police remained suspicious because of her body language. During the meeting, police discovered that there was an ongoing phone call on Staley's phone, and Hayes was listening to the conversation. Police obtained and executed a search warrant of the apartment and found firearms that matched those depicted in the photographs taken by Staley.

The trial court accepted Hayes's pleas, finding they were freely, voluntarily, and intelligently made. Based on his pleas and the proffered evidence, the trial court convicted Hayes of abduction, possession of a firearm by a nonviolent felon, and brandishing a firearm. At the sentencing hearing, the Commonwealth argued that Hayes's criminal history was disturbing and emphasized his mental health history, substance abuse history, and gang membership. It also noted that Hayes accepted responsibility only for taking photos with firearms, not the other charges. Accordingly, the Commonwealth asked the trial court to sentence Hayes to sixteen years' imprisonment, with all but five years suspended.

Despite claiming he took full responsibility for possessing the firearms and admitting it was a "stupid decision," Hayes argued that the firearms belonged to someone else and he did not do anything with them other than take photos to keep up an image for the outside world. He admitted that he had been on probation for close to ten years. Hayes also argued that Staley had changed her version of events "close to three times" and he had been incarcerated based on her allegations since January 2021. As a result, Hayes asked the trial court to sentence him to the mandatory minimum and supervised probation.

The trial court found that although Hayes accepted responsibility for taking photos with the firearms, he did not accept responsibility for the two other charges of abduction and brandishing. The trial court also noted Hayes's continued criminal history from the time he was a juvenile through adulthood. After considering the evidence and argument by counsel, the trial court sentenced Hayes to a total of fifteen years' imprisonment plus twelve months' jail time, with ten years and twelve months suspended. This appeal followed.

ANALYSIS

I. Guilty Pleas

Hayes argues that the trial court erred in accepting his guilty pleas because he did not enter them voluntarily, knowingly, and intelligently. He argues that the record failed to establish he was aware of the elements of the offenses and the range of possible penalties. Specifically, he claims he was not made aware of the various collateral consequences of his pleas, including the loss of his rights to vote and possess a firearm, as well as disqualification from obtaining certain public benefits and occupational licenses. Relying on *Padilla v. Kentucky*, 559 U.S. 356 (2010), Hayes suggests that the failure to advise him of those collateral consequences rendered his pleas invalid. He further asserts the trial court failed to establish for the record that he possessed the requisite mental capacity to knowingly enter his pleas. Hayes acknowledges that he did not move to

withdraw his pleas or otherwise preserve his arguments for appeal, but he asks that this Court address it under the good cause and ends of justice exceptions to Rule 5A:18.[2]

"'Good cause' relates to the reason why an objection was not stated at the time of the ruling." *Pope v. Commonwealth*, 60 Va. App. 486, 508 (2012) (quoting *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (en banc)). "The Court may only invoke the 'good cause' exception where an appellant did not have the *opportunity* to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (emphasis added) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)).

The trial court accepted Hayes's guilty pleas on September 13, 2021, and entered a final sentencing order on March 30, 2022. Hayes could have objected to the trial court accepting his guilty pleas during the September 13, 2021 hearing or during the subsequent sentencing hearing. Or he could have moved to withdraw his pleas for up to twenty-one days after the trial court entered its sentencing order. Code § 19.2-296 (providing that, "to correct manifest injustice, [a trial] court within twenty-one days after entry of a final order[,] may set aside the judgment of conviction and permit the defendant to withdraw his plea"). Hayes cites no circumstances that prevented him from making an objection or filing such a motion. Because there was ample opportunity for Hayes to alert the trial court of the relief he sought, the good cause exception does not apply.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure

---

[2] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.

to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). Thus, the "ends of justice" exception to Rule 5A:18 "requires proof of an error that was 'clear, substantial[,] and material.'" *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 132 (1989)). "[A] defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." *Melick*, 69 Va. App. at 146 (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). Given this high bar, the exception has been applied only in "very limited circumstances including, for example, where the record established that an element of the crime did not occur, a conviction based on a void sentence, [and] conviction of a non-offense." *Williams v. Commonwealth*, 294 Va. 25, 28 (2017) (quoting *Gheorghiu*, 280 Va. at 689).

Hayes has not met his burden because he has not shown how his case falls within the "very limited circumstances" in which this Court has invoked the ends of justice exception. *See id.* This Court therefore does not reach the merits of his first argument.

## II. Sentencing

Hayes next argues that the trial court abused its discretion by sentencing him to five years of active incarceration, which exceeded the discretionary sentencing guidelines' recommendation.[3] He alleges that the trial court failed to adequately consider his mitigating circumstances, including his expression of "appropriate remorse for his actions," his acceptance of responsibility for his actions demonstrated by his guilty plea to the firearm possession charge, his steady employment, and the fact that he had already served a significant amount of time awaiting sentencing. Thus, Hayes concludes that his sentence was "unduly harsh and ignored factors warranting mercy."

---

[3] The discretionary sentencing guidelines recommended a sentence between three years and eight months and eleven years and one month, with a midpoint of seven years and five months.

This Court "review[s] the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). It was within the trial court's purview to weigh Hayes's mitigating evidence in determining his sentence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Here, the trial court considered the mitigating evidence and circumstances Hayes cites on appeal, including his decision to accept responsibility for the offenses by pleading guilty. Balanced against those circumstances, however, was the lack of acceptance of responsibility for the abduction and brandishing charges and Hayes's significant criminal history. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate, which fell within the statutory range. *See* Code §§ 18.2-10, 18.2-11, 18.2-47, 18.2-282, 18.2-308.2.

"[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). "[A] circuit court's failure to follow the [discretionary sentencing] guidelines is 'not . . . reviewable on appeal.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting Code § 19.2-298.01(F)). Accordingly, the trial court did not abuse its discretion.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*