COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Fulton and White
Argued at Salem, Virginia


JAMISON MATTHEW COYLE

                                            MEMORANDUM OPINION* BY
v.        Record No. 2137-23-3                JUDGE JUNIUS P. FULTON, III
                                               FEBRUARY 11, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Brett P. Blobaum, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Mary Catherine Talbott, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


By orders of February 7, 2020, upon a guilty plea, the trial court convicted Jamison

Matthew Coyle of three counts of possession of a Schedule III controlled substance with intent to

distribute (PWID) and one count of misdemeanor failure to appear (FTA). For each drug conviction

Coyle was sentenced to a partially suspended sentence but he received a fully suspended sentence

for the FTA. The suspended sentences were conditioned on Coyle's completion of a period of

supervised probation to be followed by an additional period of good behavior. Coyle was convicted

of two additional drug offenses and found in violation of his probation several times between 2021

and 2023. On December 1, 2023, the trial court again revoked his suspended sentences,

resuspending all but 3 years and ordering Coyle to be of good behavior for 15 years from that date.

On appeal, Coyle argues that the trial court erred in imposing a period of good behavior beginning

_____

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

on December 1, 2023, and continuing for 15 years.  For the following reasons, we affirm the trial court.

## I.  BACKGROUND[1]

On February 7, 2020, Coyle was convicted of three counts of possessing a Schedule III controlled substance with intent to distribute and one count of contempt.  By order dated March 2, 2020, Coyle was sentenced to 3 years with 2 years and 8 months suspended on each of the possession with intent to distribute convictions, and 10 days with all 10 days suspended on the FTA conviction for a total active sentence of 12 months' incarceration.  The sentencing order further stipulated that Coyle was to be on supervised probation for one year and six months following his release from incarceration and required him to be of good behavior for seven years from his completion of probation.

While serving his 12-month active sentence, Coyle was charged with a new criminal offense.  On May 20, 2021, Coyle was convicted of possessing an unlawful substance while an inmate.  By order dated August 19, 2021, the trial court sentenced Coyle to five years with three years and six months suspended and required Coyle to complete two years of probation, refrain from using drugs and alcohol, and remain of good behavior for the balance of any suspended sentence after completion of probation.

After completing his active period of incarceration, Coyle commenced supervised probation.  After numerous positive drug screens, a probation violation was initiated by Coyle's probation officer.  By order dated February 22, 2023, the trial court found Coyle in violation of

---

[1] On appeal, "we will view the evidence received at the revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."  *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013).

his probation and the terms of his suspended sentences for both his 2020 and 2021 convictions, revoked his suspended sentences, and resuspended them in their entirety.

By August 2023, Coyle had tested positive for fentanyl three times and methamphetamine once. Additionally, Coyle was arrested and convicted of a new offense, possession of a Schedule I/II controlled substance.

By order dated August 22, 2023, the trial court found Coyle in violation of his probation and the terms of his suspended sentences, revoked the suspended sentences, and resuspended all but four months. The order required Coyle, upon his release from incarceration, to complete 18 months of supervised probation and to be of good behavior for 9 years, 8 months, and 10 days after completion of probation. Additionally, Coyle was sentenced to four years of imprisonment, with all four years suspended, and ordered to complete one year and six months of supervised probation for the most recent conviction for possession of a Schedule I/II controlled substance.

Upon his return to supervision, Coyle's substance abuse continued unabated despite referrals for substance abuse disorder treatment. The October 17, 2023 MVR indicated that Coyle tested positive for norfentanyl, and a probation violation capias was issued. At the December 1, 2023 revocation hearing, Coyle conceded that he was in violation of the terms of his probation. By order dated December 28, 2023, the trial court found that Coyle violated probation for the 2020, 2021, and 2023 convictions, revoked his suspended sentences, and resuspended all but three years. The trial court ordered Coyle to complete 2 years of supervised probation, and to be of good behavior for a period of 15 years from the date of the revocation hearing. Coyle now appeals.

## II. ANALYSIS

Despite failing to object to the probation revocation sentence, Coyle assigns error to the trial court's imposition of a period of good behavior beginning on December 1, 2023, and continuing for 15 years, invoking the ends of justice exception to Rule 5A:18.

Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." In determining whether the ends of justice exception applies, this Court considers: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017).

"[I]n appeals from revocation proceedings, the trial court's 'findings of fact and judgment will not be reversed [absent] a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 65 Va. App. 524, 532 (2015) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). However, to the extent that the appeal also involves questions of jurisdiction and statutory construction, a de novo standard of review applies. *Holland v. Commonwealth*, 62 Va. App. 445, 451 (2013).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008) (quoting *Pierce v. Commonwealth*, 48 Va. App. 660, 667 (2006)). The Supreme Court has stated that, "[w]hen a trial judge suspends a sentence, however, he does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform." *Richardson v. Commonwealth*, 131 Va. 802, 810 (1921). "It is the free gift of the Commonwealth, and not a

contract to relieve him from the punishment which fits his crime." *Id.* The Supreme Court has consistently reiterated, "[P]robation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." *Burnham v. Commonwealth*, 298 Va. 109, 116 (2019) (alteration in original) (quoting *Grant v. Commonwealth*, 223 Va. 680, 684 (1982)). The Supreme Court has also directed that "the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." *Grant*, 223 Va. at 684.

After a defendant has been convicted of a criminal offense, the trial court "may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303. Code § 19.2-303.1 sets the trial court's jurisdictional time limit over the defendant's suspended sentence—referred to as the "period of suspension."

Code § 19.2-306 establishes that if a trial court does not explicitly fix a period of suspension for a defendant's suspended sentence, the period of suspension is "the maximum period for which the defendant might originally have been sentenced to be imprisoned." *Hamilton v. Commonwealth*, 79 Va. App. 699, 706 (2024) (quoting Code § 19.2-306(A)). This period of suspension shall be measured from the date of the entry of the original sentencing order. Code § 19.2-306(C). "[A] trial court may combine the maximum potential sentences from a defendant's multiple underlying convictions in order to calculate the period of suspension when all of those convictions arose out of the same case." *Hamilton*, 79 Va. App. at 708 (citing *Davis v. Commonwealth*, 70 Va. App. 722, 733 n.3 (2019)). Here, Coyle was originally convicted of three counts of possession of a Schedule III controlled substance with intent to distribute and FTA. Coyle was sentenced to three years for each of the PWID charges and ten days for failing to appear, with two years and eight months suspended on each of the PWID

convictions, and all ten days suspended for failing to appear for an indefinite period of suspension. The maximum potential sentence for each PWID conviction is ten years. *See* Code §§ 18.2-248(E1), -10(e). Based on Code § 19.2-306(A) and *Hamilton*, Coyle's period of suspension for these convictions would therefore be 30 years from the date of the entry of the original sentencing order, March 2, 2020.[2]

Distinguishing the facts of this case from those in *Hamilton*, Hamilton's original 2014 conviction carried a maximum potential sentence of 20 years, for a period of suspension set to expire in 2034. *Hamilton*, 79 Va. App. at 710. In its September 20, 2022 revocation order, the trial court imposed a good behavior condition for a period of 20 years, beginning September 20, 2022. *Id.* Because Hamilton would be subject to the good behavior condition until 2042, well after the respective period of suspension expired in 2034, this Court held that the trial court erred in extending the good behavior condition beyond when it retained jurisdiction over the suspended sentence. *Id.* Here, the trial court retains jurisdiction over Coyle's original suspended sentences until March 2, 2050. The 15-year period of good behavior ordered by the trial court to begin on December 1, 2023, would expire in 2038, well before the period of suspension expires in 2050. Therefore, the trial court did not err in imposing this period of good behavior.

Based on our finding that the trial court did not err in imposing a 15-year period of good behavior to begin December 1, 2023, the ends of justice exception is inapplicable here.[3] *See* *Williams*, 294 Va. at 27.

---

[2] Though Coyle had amassed two additional convictions between his original convictions in 2020 and the revocation hearing in December 2023 at issue here, the probation revocation order that Coyle challenges did not specify which of the six separate sentences were revoked in whole or in part or their periods of suspension. Consequently, the legitimacy of the periods of suspension for his later convictions for which the maximum period of suspension would be less than that of his original convictions is not implicated here.

[3] Coyle also argues that because the December 2023 order is void ab initio, the procedural default principles of Rule 5A:18 are "effectively sideline[d]." However, based on our

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

---

holding that the trial court did not err in ordering Coyle to be of good behavior beginning December 1, 2023, and continuing for 15 years, this argument is unavailing.